Michael D. Rounds
Nevada Bar No. 4734
Cassandra Joseph
Nevada Bar No. 9845
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV 89511
Telephone: (775) 324-4100
Facsimile: (775) 333-8171
Email: cjoseph@watsonrounds.com

Attorneys for Aervoe Industries, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AERVOE INDUSTRIES, INC. | )<br>) Case No. 3:09-cv-00482-ECR-RAM |
| Plaintiff, | )<br>) **STIPULATED PROTECTIVE ORDER** |
| v. | ) |
| ICC INNOVATIVE CONCEPTS CORPORATION, a Delaware corporation; LORD BENEX INTERNATIONAL CO., LTD., a Taiwanese corporation; and LEH CHU ENTERPRISE CO., LTD. a Taiwanese corporation | ) ) ) ) ) ) ) |
| Defendants. | ) |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and with the consent of the parties to this action, IT IS HEREBY ORDERED:

1. All documents, materials, items, and/or information which contain or comprise confidential and sensitive research, development or commercial information produced either by a party or by a non-party to or for any of the parties shall be governed by this Protective Order.

2. Any information produced by any party or non-party as part of discovery in this action may be designated by such party or non-party as (1) "Confidential" or (2) "Confidential-Attorneys' Eyes Only." As a general guideline, materials designated "Confidential" shall be those confidential and sensitive things that may be disclosed to the parties for the purpose of the

litigation, but which must be protected against disclosure to third parties. As a general guideline, materials designated "Confidential-Attorney's Eyes Only" shall be those confidential and sensitive things of a proprietary business or technical nature which might be of value to a potential competitor of the party or non-party holding the proprietary rights thereto, and which must be protected from disclosure to such party and/or third parties. Absent a specific order by this Court, information once designated as "Confidential" or "Confidential-Attorney's Eyes Only" shall be used by parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function and such information shall not be disclosed to anyone except as provided herein.

3. Any party or non-party wishing to come within the provisions of this Protective Order shall designate, in writing, the documents, information, or portions thereof which he, she or it considers confidential at the time such documents are produced or such information is disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the information or materials disclosed and sought to be protected hereunder. In the instance of documents, the items produced must be marked "Confidential" or "Confidential-Attorneys' Eyes Only" by the producing party or non-party. In the instance of depositions, counsel may, in the record of the deposition, designate the transcript or portion thereof as "Confidential" or "Confidential-Attorneys' Eyes Only," and only the parties identified in paragraphs 4 and 5 may then be present in the depositions. The witness under deposition or his counsel may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or non-party that testimony about to be given is deemed "Confidential" or "Confidential-Attorneys' Eyes Only." The designations should be made on the record whenever possible, but a party may designate portions of a deposition either "Confidential" or "Confidential-Attorney's Eyes Only" provided written notice of such designation is given to each party no later than (10) ten days following receipt of the deposition transcript.

4. Documents, deposition testimony, or answers to interrogatories stamped "Confidential," or copies or extracts therefrom, and compilations and summaries thereof, and the

2

1  information therein, may be given, shown, made available to, or communicated in any way only
2  to those parties or other persons who agree in advance to abide by this Protective Order and to
3  whom it is necessary that the material be shown for purposes of this litigation.
4       5.     Documents, deposition testimony, or answers to interrogatories stamped
5  "Confidential-Attorneys' Eyes Only" or copies or extracts therefrom, and summaries and
6  compilations thereof, and the information therein, may be given, shown, made available to, or
7  communicated in any way only to (a) the trial counsel designated on the pleadings for the law
8  firms of record in this actions and those of their staff to whom it is necessary that the materials
9  be shown for the purposes of this litigation; (b) consultants as defined in Paragraph 6 hereof and
10 pursuant to the provisions on Paragraph 7 hereof.
11      6.     For purposes of Paragraph 5(b) hereof, a consultant shall be defined as a person
12 who is not an employee of a party nor anticipated to become an employee in the near future, and
13 who is retained or employed as a bona fide consultant or expert for purposes of this litigation,
14 whether full or part-time, by or at the direction of counsel for a party.
15      7.     All confidential information covered by this order shall be kept in secure facilities
16 at trial counsel's offices and in no event be taken to or stored on the premises of a party without
17 having first received written permission from the party designating the document confidential,
18 and access to those facilities shall be permitted only to those designated persons set forth in
19 Paragraphs 4, 5, and 6 of this Protective Order as persons properly having access thereto under
20 the appropriately designated degree of confidentiality. All counsel for the parties who have
21 access to confidential information under this Protective Order acknowledge they are bound by
22 this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.
23      8.     Any party filing with the Court pages or parts of court papers, discovery
24 responses, production of documents or things, or deposition transcripts, which have been
25 designated as containing "Confidential" or "Confidential-Attorneys= Eyes Only" information, or
26 any court papers purporting to reproduce or paraphrase such Confidential Information, shall seek
27 to file the papers under seal. No party or non-party shall file or submit for filing as part of the
28 Court record any documents under seal without first obtaining leave of the court.

Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in Court.

9. If any document or information designated to be "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to this Protective Order is used during the course of a deposition herein, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

10. A party shall designate as "Confidential" or "Confidential-Attorneys' Eyes Only" only such information or documents as the party reasonably and in good faith believes require and justify protection under this Protective Order. If, at any time during the pendency or trial of this action, counsel for any party claims that counsel for any other party is unreasonably claiming certain information produced herein to be confidential, objecting counsel may make an appropriate application to this Court, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Before filing any such application, the party seeking relief shall confer with the other party to determine whether the matter can be resolved by agreement.

11. The pretrial order submitted by the parties in this action shall address the treatment at trial of documents, information or testimony designated "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to this Protective Order unless the confidentiality of such information has been removed by agreement of counsel or by this Court in accordance with the provisions of Paragraph 11 of this Protective Order.

12. At any hearing relating to this litigation prior to trial before any judicial officer, subject to the rules of evidence and order of the Court, a party may use any "Confidential" or "Confidential-Attorneys' Eyes Only" information or documents for any purpose, provided that adequate prior notice of such use is given to counsel for the opposing party to permit the opposing party the opportunity to obtain appropriate protection from the Court, including a

request to the Court that the courtroom be cleared and that the court employees be advised as to the terms of this Protective Order. If any party reasonably anticipates that "Confidential" or "Confidential-Attorneys' Eyes Only" information or documents will be presented in any hearing in this litigation, it may request that the Court close the courtroom during such presentation. If the Court denies any such request, the use of the "Confidential" or "Confidential-Attorneys' Eyes Only" information or documents in court shall not affect its coverage by this Protective Order or constitute a waiver of secrecy with respect thereto.

13. Nothing herein shall prevent a disclosing party from using its own Confidential or Attorney's Eyes Only Information as it deems necessary and/or appropriate or from seeking further protection with respect to the use of any such material. Any such action shall not be deemed a breach or waiver of the disclosing party's obligations under this Order.

14. Inadvertent failure to designate materials as Confidential or Attorney's Eyes Only Information at the time of production may be remedied by means of supplemental written notice and the provision of copies of properly stamped documents. Upon receipt of such notice, the receiving party shall treat all documents, materials or testimony so designated pursuant to the terms of this Order; provided, however, that the receiving party is not required to maintain the confidence of such materials prior to receipt of notice designating such materials Confidential or Attorney's Eyes Only Information; and provided, further, that the receiving party shall have no liability for not treating such information as Confidential or Attorney's Eyes Only Information until receipt of such notice.

15. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises and inspection of books, records, documents, and tangible things.

16. This Protective Order shall be effective on the date entered by the Court.

17. Within ninety (90) days after the conclusion of this action, unless otherwise agreed by the parties, all confidential materials and/or information shall be returned to the party or non-party who produced such materials, or to their respective counsel, or such information shall be destroyed, at the election of the producing party.

IS SO STIPULATED:

Dated: 8/6/10

By: /s/ Michael D. Rounds
Michael D. Rounds
Cassandra P. Joseph
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV 89511

Attorneys for Aervoe Industries, Inc

Dated: August 6, 2010

By: /s/ Robert L. Rosenthal
Robert L. Rosenthal
Howard & Howard Attorneys PLLC
3800 Howard Hughes Parkway
Suite 1400
Las Vegas, Nevada 89169

Anthony H. Handal
Thompson Hine, LLP
335 Madison Avenue
New York, New York 10017-4611

Attorneys for ICC Defendants

IT IS SO ORDERED:

_____
United States Magistrate Judge

Dated: August 9, 2010

6

Attachment A

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in <u>AERVOE INDUSTRIES, INC. v. ICC INNOVATIVE CONCEPTS CORPORATION, et al.</u>, United States District Court for the District of Nevada, Case No. 09-cv-00482-ECR-RAM, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this order.

Dated:_____          Signed:_____