```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                           RENO, NEVADA
```

| | | |
|---|---|---|
| AERVOE INDUSTRIES, | ) | 3:09-CV-482-ECR-RAM |
| | ) | |
|     Plaintiff, | ) | MINUTES OF THE COURT |
| | ) | |
| vs. | ) | DATE: August 26, 2010 |
| | ) | |
| ICC INNOVATIVE CONCEPTS CORPORATION, a Delaware corporation; LORD BENEX INTERNATIONAL CO., LTD., a Taiwanese corporation; and LEH CHU ENTERPRISE CO., LTD., a Taiwanese corporation, | ) ) ) ) ) ) ) | |
| | ) | |
|     Defendants. | ) ) | |

PRESENT:     EDWARD C. REED, JR.                    U. S. DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN        Reporter:     NONE APPEARING

Counsel for Plaintiff(s) _____ NONE APPEARING _____

Counsel for Defendant(s) _____ NONE APPEARING _____

MINUTE ORDER IN CHAMBERS

    Now pending are Defendants' "Motion to Dismiss or in the Alternative to Transfer" (#10), and Plaintiff's "Motion to Strike ICC's Untimely Personal Jurisdiction Defense" (#22). For the reasons stated below, Defendants' motion (#10) will be denied, and Plaintiff's motion (#22) will be granted.

    Defendants seek dismissal of Plaintiff's first amended complaint, arguing that Plaintiff failed "to plead factual content that allows the court to reasonably infer that they are liable for the alleged misconduct." We disagree. Plaintiff's allegations are more than sufficient to provide Defendants with a short and plain statement of Plaintiff's claims, as required under Federal Rule of Civil Procedure 8(a)(2). Even after Twombly, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted). Taking the factual allegations of the first amended

complaint to be true, and taking all reasonable inferences in Plaintiff's favor, Plaintiff's claims are sufficient to survive the present motion to dismiss.

In the alternative to dismissal, Defendants seek a transfer of this action to the District of Connecticut. Defendant ICC Innovative Concepts Corporation, though a Delaware corporation, has operations in Connecticut. Plaintiff, however, is a Nevada corporation, with its primary place of business in Gardnerville, Nevada. The alleged harms suffered by Plaintiff as a result of the alleged torts were felt in Nevada; as such, venue in Nevada is proper. See Meyers v. Bennett Law Offices, 238 F.3d 1068, 1075-76 (9th Cir. 2001). Even if this case could also have been brought in Connecticut, Defendants have not made the strong showing of inconvenience necessary to disturb the Plaintiff's choice of forum. Among other things, it appears that evidence and witnesses to the case are located in both Connecticut and Nevada, and that Nevada law applies to all of the claims at issue. As such, Defendants' request for a transfer of this action will be denied.

In Defendants' reply (#20) to Plaintiff's opposition (#14) to the motion to dismiss or transfer (#10), Defendants raise for the first time the argument that Defendant ICC should be dismissed for lack of personal jurisdiction. This proposition is doubtful. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 806-07 (9th Cir. 2004) (discussing "express aiming" of tortious or other wrongful conduct). In any case, however, Defendants waived their opportunity to challenge the exercise of personal jurisdiction over them by failing to raise the issue in their motion (#10). FED. R. CIV. P. 12(h)(1). Defendants' motion sought dismissal only under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, "transfer for the convenience of the parties and witnesses"; dismissal for lack of personal jurisdiction is not mentioned. As such, ICC waived its opportunity to raise the defense of lack of personal jurisdiction. See Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000) (noting that "[a] fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under [Rule 12] must be raised at the first available opportunity or, if they are not, they are forever waived"); United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992) (noting that courts generally decline to consider arguments raised for the first time in a reply brief). Mere recitation of facts that might otherwise support a motion brought under Rule 12(b)(2) is insufficient to preserve the defense; the defense must be affirmatively asserted at the first opportunity, or it is waived. FED. R. CIV. P. 12(h)(1) (stating that a party waives the defense by "omitting it from a motion" brought on a different basis under Rule 12, with exceptions not relevant here).

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant's motion to dismiss or transfer (#10) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike (#22) is **GRANTED** on the following basis: Defendants have waived the defense of lack of personal jurisdiction.

LANCE S. WILSON, CLERK

By     /s/
      Deputy Clerk